UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-457(DSD/SRN)

George F. Wesman,

       Plaintiff,

v.                                           **ORDER**

United Parcel Service, Inc.,

       Defendant.

       Konstandinos Nicklow, Esq. and Meshbesher & Spence, Ltd., 1616 Park Avenue, Minneapolis, MN 55404, counsel for plaintiff.

       G. Abam Mambo, Esq., Mary E. Stumo, Esq. and Faegre & Benson, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant.

       This matter is before the court on defendant's partial motion to dismiss. After a review of the file, record and proceedings herein, and for the following reasons, defendant's motion is granted in part.

**BACKGROUND**

       This dispute arises from the termination of plaintiff George Wesman ("Wesman") by defendant United Parcel Services, Inc. ("UPS") in May 2006. Wesman began working for UPS in January 1985 and was forty-nine years old at the time of his termination. Wesman worked as a driver until May 1985 when he was promoted to Human Resources Supervisor. Thereafter, Wesman held various supervisory positions

until his promotion to Employment Manager in January 1988, after which he held certain manager positions until his termination.

In 1991, Wesman reported that UPS had destroyed documents connected to a pending civil litigation. As a result, Wesman claims that UPS transferred him to a highly undesirable position as an Operations Manager at the lowest producing center in the Minnesota District, and that UPS further retaliated against him by transferring him to a Pre-Load Manager position in January 1993.

After returning to his Employment Manager position in January 1994, UPS informed Wesman that he was a top candidate for a District Human Resource Manager position. Asked if he would be willing to relocate, Wesman told UPS that he could not unless the relocation would permit his wife to continue receiving treatment from her team of physicians. UPS did not accommodate Wesman but instead continued to inquire each year until 2000 about his ability to relocate. Wesman responded to each inquiry by telling UPS that his wife's medical condition prevented him from relocating. As a result, UPS eliminated Wesman from consideration for a District Human Resources Manager position.

In December 2000, UPS transferred Wesman to St. Cloud, Minnesota as an Operations Manager. Soon thereafter, in response to a Division Manager's inquiry, Wesman indicated that he was willing to permanently relocate to St. Cloud or Duluth, Minnesota. Wesman, however, alleges that he was not permanently transferred

because of his refusal to relocate beyond a distance that would have prevented his wife from continuing her medical treatment.

UPS transferred Wesman back to the lowest producing Minnesota center in January 2001. From that time until 2004, UPS repeatedly told Wesman that he was a top candidate for the Package Division Manager position but removed him from consideration each time after he indicated his unwillingness to relocate. In January 2004, UPS transferred Wesman to the second-lowest performing center in the Minneapolis District and in May 2004 assigned him the Labor Relations Manager job there. UPS then informed Wesman that he was a top candidate for the District Labor Relations Manager position but again removed him from consideration because of his inability to relocate.

Finally, in September 2004, UPS transferred Wesman to an allegedly undesirable position at the lowest performing operation center in the St. Paul, Minnesota division. Soon thereafter, Wesman complained to Greg Barr ("Barr"), the District Human Resource Manager, about perceived discrimination against Wesman based on age, race, gender and his wife's medical condition. Wesman alleges that Barr retaliated against him beginning in August 2005 by investigating Wesman's work history and soliciting complaints dating back more than ten years for the purpose of

3

finding grounds for termination. In May 2006, Barr terminated Wesman purportedly for violating a UPS policy regarding double-shifting.

In response to his termination, Wesman initiated UPS's alternative dispute resolution program. After a full hearing with evidence, a three-person panel - composed of peers or co-managers - determined that Wesman's termination was unjust and that he should be immediately reinstated. In March 2007, Wesman filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") that was cross-filed with the Minnesota Department of Human Rights ("MDHR"). The EEOC issued a right to sue letter on November 15, 2007. Through letters dated December 17 and 27, 2007, the MDHR adopted the EEOC's dismissal, permitting Wesman to commence civil litigation. On February 1, 2008, Wesman filed suit in Minnesota state court, and UPS removed the action to this court on February 21, 2008. Wesman filed an amended complaint on February 26, 2008, asserting claims for marital status discrimination and retaliation under the Minnesota Human Rights Act ("MHRA"), punitive damages, wrongful discharge under the Minnesota Whistleblower Act and age, race and gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964. UPS now moves for partial dismissal.

**DISCUSSION**

**I.   Standard of Review**

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This statement does not require detailed factual allegations so long as it "give[s] the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  However, a court will dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted if, after taking all facts alleged in the complaint as true, those facts fail "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate."  Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

**II.  Marital Status Discrimination**

The parties agree that, at the latest, Wesman must have filed a charge of discrimination or brought suit alleging marital status discrimination under the MHRA within one year of his termination.  See Minn. Stat. § 363A.28, subdiv. 3.  Wesman timely filed his MHRA charge of discrimination.  UPS maintains, however, that the charge

5

did not assert marital status discrimination and thus his subsequent claim in the state court complaint is time barred.

A MHRA charge of discrimination must "set out a summary of the details of the practice complained of." Id. § 363A.28, subdiv. 1. This requirement serves two purposes: "(1) to provide the state agency with information and an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation; and (2) to provide formal notice to the employer and prospective defendant of the charges that have been made against it." Anderson v. Nw. Nat'l Life Ins. Co., 480 N.W.2d 363, 365 (Minn. Ct. App. 1992) (citations and quotations omitted). Thus, to determine whether a charge encompasses a later asserted claim in a judicial proceeding, a court asks whether investigation of the allegations contained in the charge would have led to discovery of that claim. Cf. id. at 367. In other words, a plaintiff may allege claims in a judicial complaint "that are like or reasonably related to the substance of the charges timely brought." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994);[1] see also Stuart v. Gen. Motors Corp., 217 F.3d 621, 631 (8th Cir. 2000) (a plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the

---

[1] Williams involved a Title VII claim. Because of the similarities between Title VII and the MHRA, however, courts give "strong weight to federal court interpretations of Title VII claims," when interpreting the MHRA. Wayne v. MasterShield, Inc., 597 N.W.2d 917, 921 (Minn. Ct. App. 1999).

allegations in the administrative charge." (citation and quotation omitted)).

In his MHRA charge, plaintiff checked the boxes for "age" and "disability" discrimination and "retaliation" but did not check the box for "other."[2] Wesman further articulated in the charge that he believed he was "terminated because of [his] age, association with a disabled person, and in retaliation for [his] complaints of discrimination." (Def. Ex. C.[3]) Wesman now argues that his marital status discrimination claim is like or reasonably related to his charge of discrimination based upon his "association with a disabled person" because the disabled person he referenced was his wife. The court agrees. Specifically, the court determines that an investigation into Wesman's charge that UPS discriminated against him on the basis of his "association with a disabled person" would have led to the discovery that the "disabled person" was his wife. Therefore, Wesman's marital status discrimination

---

[2] As noted earlier, Wesman's EEOC charge was cross-filed with the MDHR. Title VII, however, does not provide a cause of action for marital status discrimination. Thus, there was no box for "marital status."

[3] Defendant submitted as exhibits Wesman's charge of discrimination filed with the MDHR, the EEOC's dismissal and notice of rights and the letter from the MDHR dismissing Wesman's charge. The court has considered these exhibits on this motion to dismiss because they are "necessarily embraced by the complaint." See Enervations, Inc. v. Minn. Mining & Mfg. Co., 380 F.3d 1066, 1069 ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." (citations and quotations omitted)).

claim is reasonably related to the substance of the charges in his administrative complaint.[4]  Accordingly, UPS's motion to dismiss Wesman's marital status discrimination claim in its entirety as untimely is denied.

## III. Statute of Limitations

UPS argues that Wesman's many claims based on its alleged failure to promote, refusal to transfer and retaliatory transfer are time-barred discrete acts.[5]  Wesman contends that his claims are not time barred because they constitute a continuing violation.

A MHRA claim must be filed within one year of the alleged discriminatory conduct. Minn. Stat. § 363A.28, subdiv. 3.  A Title VII discrimination charge must be filed with the EEOC within 300 days "after the alleged unlawful employment practice occurred."[6] 42 U.S.C. § 2000e-5(e)(1); see also Wilson v. Brinker Int'l, Inc., 382 F.3d 765, 769 (8th Cir. 2004).  The limitations period is

---

[4] The MHRA's prohibition on discrimination based upon marital status extends to "discrimination on the basis of the identity, situation, actions, or beliefs of a spouse or former spouse." Minn. Stat. § 363A.03, subdiv. 24, § 363A.08, subdiv. 2.

[5] It is unclear whether UPS seeks dismissal of Wesman's claims under the MHRA and Title VII.  UPS's motion only seeks dismissal of counts I and II - both MHRA claims.  UPS's reply brief, however, argues that Wesman's "only remaining claims under Title VII or the MHRA are his allegations of retaliatory termination." (Reply Br. at 9.)  The court's analysis applies equally to both statutes. Therefore, the court concurrently addresses Wesman's MHRA and Title VII claims.

[6] In states that do not have an agency with authority to grant or seek relief with respect to the alleged unlawful practice, the charge must be filed within 180 days.  42 U.S.C. § 2000e-5(e)(1).

triggered upon occurrence of the discriminatory act, not "when the consequences of that act become most painful." Turner v. IDS Fin. Servs., Inc., 471 N.W.2d 105, 107-08 (Minn. 1991). The date a discriminatory act "occurred" depends on whether the discriminatory conduct is a continuing violation or a discrete act. See Taxi Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 825 (8th Cir. 2008); see also Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 327 F.3d 771, 784 (8th Cir. 2003). A continuing violation occurs when "the acts complained of are part of the same unlawful employment practice." Mems, 327 F.3d at 774 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)). For example, hostile environment claims are continuing violations because "[t]heir very nature involves repeated conduct," and the unlawful practice "cannot be said to occur on any particular day." Morgan, 536 U.S. at 115; see also Walsh v. Nat'l Computer Sys., 332 F.3d 1150, 1157 (8th Cir. 2003) ("Because [plaintiff] has alleged a continuing pattern of related discriminatory events rather than discrete discriminatory actions, her hostile environment claim falls squarely within the Morgan continuing violation theory."). If the alleged unlawful practice is a continuing violation, only one of the alleged discriminatory acts need fall within the limitations period. Morgan, 536 U.S. at 115. A discrete act, on the other hand, occurs the day that it happened and is its own unlawful employment practice. Id. at 110. Discrete acts include

9

"termination, failure to promote, denial of transfer [and] refusal to hire." Id. at 114. Such acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges."[7] Id. at 113.

In this case, Wesman asserts that he was denied promotions and transfers on several occasions because of his wife's medical condition and for other allegedly unlawful reasons. Wesman further maintains that he was transferred to undesirable locations and ultimately terminated in retaliation for his complaints about UPS's conduct. These allegations do not establish a continuing violation but rather are a series of discrete acts with each act constituting its own employment practice. Thus, the applicable limitations period began the date of each occurrence. Because Wesman filed his

---

[7] Because Morgan addressed only Title VII claims, Wesman, citing two pre-Morgan Minnesota state cases, argues that Minnesota's continuing violation doctrine under the MHRA applies to a series of discrete acts. See Sigurdson v. Isanti County, 448 N.W.2d 62, 68 (Minn. 1989) (failure to promote a continuing violation); Kohn v. Minneapolis Fire Dep't, 583 N.W.2d 7, 12 (Minn. Ct. App. 1998) (failure to promote a continuing violation because result of ongoing discriminatory policy). In interpreting the MHRA, however, Minnesota courts "often appl[y] principles developed in the adjudication of claims arising under Title VII . . . because of the substantial similarities between the two statutes." Sigurdson v. Isanti County, 386 N.W.2d 715, 719 (Minn. 1986). Therefore, "Morgan equally affects the vitality of the continuing violation doctrine as it applies to the MHRA." Mems, 327 F.3d at 784 n.9; cf. Spencer v. Minn. Dep't of Corr., No. A07-462, 2008 Minn. App. LEXIS 240, at *7-8 (Minn. Ct. App. March 11, 2008) (applying Morgan to MHRA claim); Eichinger v. Imation Corp., No. A05-1133, 2006 Minn. App. LEXIS 313, at *17-18 (Minn. Ct. App. April 4, 2006) (cites Mems and Morgan and concludes doctrine of continuing violations inapplicable to series of discrete acts under MHRA).

charge of discrimination on March 7, 2007, he may only pursue claims for discriminatory conduct under the MHRA and Title VII that occurred one year or 300 days before that date.  Therefore, the court grants UPS's motion for dismissal of Wesman's MHRA and Title VII claims to the extent they are based on conduct that occurred outside of the limitations periods.[8]

## IV.  Minnesota Whistleblower Act

Wesman amended his complaint on February 26, 2008, to add a claim under the Minnesota Whistleblower Act.  UPS argues that the MHRA's exclusionary provision precludes such a claim.

Minnesota Statutes § 363A.04 provides that "as to acts declared unfair by sections 363A.08 to 363A.19, and 363A.28, subdivision 10, the procedure herein provided shall, while pending, be exclusive."  Thus, "an employee may not seek redress for the same allegedly discriminatory practices on the same facts under both the MHRA and the Whistleblower Act."  Abraham v. County of Hennepin, 639 N.W.2d 342, 347 (Minn. 2002) (citing Williams v. St. Paul Ramsey Med. Ctr., 551 N.W.2d 483, 486 (Minn. 1996)).

Wesman's amended complaint relies on the same factual allegations as his original complaint but alleges that UPS violated the Whistleblower Act by discharging him because he "complained to [UPS] about the various ways [he] felt [UPS] ... continuously

---

[8] The court notes, however, that Wesman is not barred "from using the prior acts as background evidence in support of a timely claim." Morgan, 536 U.S. at 113.

subjected [him] and others to discriminatory acts on the basis of age, race and gender, as well as the fact [UPS] had an ongoing history of retaliating against employees who filed complaints against [UPS]." (Am. Compl. ¶ 73.)  Based upon these allegations, it is evident that Wesman seeks relief under the Whistleblower Act pursuant to the same facts and alleged discriminatory practices as his MHRA claims.  Therefore, the MHRA provides his exclusive remedy, and his Whistleblower Act claim is dismissed.[9]

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that UPS's partial motion to dismiss [Doc. No. 6] is granted in part.

Dated:  June 24, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[9] This holding renders moot UPS's argument that Wesman's amended complaint prematurely seeks punitive damages under the Whistleblower Act.